**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| SAMUEL HOFFMEYER,<br>    Plaintiff, | Case No. 1:21-cv-109 |
| vs. | McFarland, J.<br>Litkovitz, M.J. |
| ANNETTE CHAMBERS SMITH,<br>*Director, ODRC, et al.*,<br>    Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

Plaintiff, an inmate at the Lebanon Correctional Institution, brings this pro se civil-rights action alleging a violation of his constitutional rights. (Doc. 1).

It appears, however, that the instant action is raising claims that are related to another action that plaintiff filed in this Court on August 18, 2020, prior to filing the instant action. (*See* Doc. 1, at PageID 2 (checking the box acknowledging that he has filed another action dealing with the same facts involved in the instant action)). *See also Hoffmeyer v. Director, et al.*, No. 1:20-cv-637 (Dlott, J.; Bowman, M.J.) (S.D. Ohio). The earlier-filed action remains pending.

The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The District Court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.*, No. 1:11cv804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.). Such power should be exercised in this case. *Cf. id.*; *see also Ball v. Obama*, 1:13cv204, 2013 WL

2153967, at *2, *5 (S.D. Ohio May 16, 2013) (Barrett, J.; Litkovitz, M.J.) (dismissing duplicative complaint at screening stage); *Catchings v. Fry*, No. 12-2305-JDT-TMP, 2013 WL 3433145, at *3 (W.D. Tenn. July 8, 2013) (holding that complaint containing allegations that "were fully addressed in . . . prior orders of dismissal" was duplicative and thus subject to dismissal at screening stage as frivolous and lacking "an arguable basis in law or in fact").

To the extent that plaintiff seeks to add additional defendants or claims relating to the initial lawsuit, the proper procedure is to file a motion to amend in that action.

Accordingly, in sum, the instant complaint should be dismissed with prejudice on the ground that plaintiff's allegations are duplicative of claims raised in Case No. 1:20-cv-637. *See* 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/19/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAMUEL HOFFMEYER,
    Plaintiff,

vs.

ANNETTE CHAMBERS SMITH,
*Director, ODRC, et al*.,
    Defendants.

Case No. 1:21-cv-109

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).